# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

MISC. NO. 0:19-mc-61867-XXXX

FEDERAL TRADE COMMISSION,

    Petitioner,

v.

DANIEL LAMBERT,

JAMES VERILLO,

CRUISE OPERATOR, INC,

BPCL MANAGEMENT, LLC,

NATIONWIDE RESERVATIONS, INC.,

JEFF TELLAM,

RESERVATIONS & FULFILLMENT SERVICES, INC.,

PAUL HEYDEN,

MELISSA HANSON, and

ROYAL SEAS CRUISES, INC.

    Respondents.

**PETITION OF THE FEDERAL TRADE COMMISSION FOR AN ORDER ENFORCING CIVIL INVESTIGATIVE DEMANDS**

# **INTRODUCTION**

Petitioner, the Federal Trade Commission ("FTC" or "Commission"), by its designated attorneys and pursuant to Section 20 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 57b-1, petitions this Court for an Order requiring Respondents, Daniel Lambert, James Verillo, Cruise Operator, Inc., BPCL Management, LLC, Nationwide Reservations, Inc., Jeff Tellam, Reservations & Fulfillment Services, Inc., Paul Heyden, Melissa Hanson, and Royal Seas Cruises, Inc. (collectively, "Respondents"), to comply with civil investigative demands ("CIDs") issued to them by the FTC.[1] The CIDs seek materials relevant to an ongoing Commission law enforcement investigation. Specifically, the Commission issued the CIDs to determine whether any of these individuals or entities have been involved in unfair, deceptive, or unlawful telemarketing efforts, including the use of automated "robocalls," in connection with marketing "free" cruise ship vacations.

As discussed more fully in the accompanying memorandum, while the Respondents have partially complied with the CIDs they received, they continue to

---

[1]   CIDs are a type of investigative administrative subpoena. *See, e.g., FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1087 (D.C. Cir. 1992); *General Finance Co. v. FTC*, 700 F.2d 366, 367 (7th Cir. 1983*); FTC v. LabMD, Inc., et al.*, Case 1:12-cv-3005-WSD, 2012 WL 13104826 (N.D. Ga. Nov. 26, 2012) (slip op.). The Commission initiates administrative process enforcement proceedings by a petition and order to show cause (rather than by complaint and summons); these proceedings are summary in nature. *See, e.g.*, 15 U.S.C. § 57b-1(e); *FTC v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980); *FTC v. MacArthur*, 532 F.2d 1135, 1141-42 (7th Cir. 1976). The FTC has used the same procedure in a prior case filed in this district. *See Federal Trade Commission v. National Processing Co., et al.*, Case No. 1:13-mc-23437 (S.D. Fla. filed Sept. 24, 2013).

withhold certain key documents and materials. The Respondents have not asserted any colorable legal ground for their noncompliance. Nor have they sought administrative relief from the Commission—they have simply refused to provide the information specified, and their failure to comply has burdened and impeded the FTC's investigation. Therefore, the FTC must now seek judicial enforcement of the CIDs, including an order requiring the Respondents to comply and cure certain specific deficiencies within 10 days.[2]

In support of this petition, the Commission submits the Declaration of Jody Goodman, designated as Petition Exhibit ("PX") 1. The Commission also submits the following additional exhibits:

| | |
|---|---|
| PX 2 | Civil Investigative Demand to Daniel Lambert (November 21, 2018); |
| PX 3 | Civil Investigative Demand to James Verrillo (November 21, 2018); |
| PX 4 | Civil Investigative Demand to Cruise Operator, Inc. (November 21, 2018); |
| PX 5 | Civil Investigative Demand to BPCL Management, LLC (November 21, 2018); |
| PX 6 | Civil Investigative Demand to Nationwide Reservations, Inc. (November 21, 2018); |
| PX 7 | Civil Investigative Demand to Jeff Tellam (November 21, 2018); |
| PX 8 | Civil Investigative Demand to Reservations & Fulfillment Services, Inc. (November 21, 2018); |

---

[2] A proposed Order Compelling Respondents to Comply with the Federal Trade Commission's Civil Investigative Demands or To Show Cause Why They Failed To Do So is attached.

| | |
|---|---|
| PX 9 | Civil Investigative Demand to Paul Heyden (November 21, 2018); |
| PX 10 | Civil Investigative Demand to Melissa Hanson (November 21, 2018); |
| PX 11 | Civil Investigative Demand to Royal Seas Cruises, Inc. (November 21, 2018); |
| PX 12 | Email from Jody Goodman to Jeffrey Backman (December 27, 2018); |
| PX 13 | Letter from Lois Greisman, Associate Director, Division of Marketing Practices, to Jeffrey Backman (February 28, 2019) |
| PX 14 | Email from Jody Goodman to Jeffrey Backman (April 24, 2019); |
| PX 15 | Letter from Burke Kappler to Jeffrey Backman (May 16, 2019); |
| PX 16 | Letter from Burke Kappler to Jeffrey Backman (June 4, 2019); and |
| PX 17 | Email from Jeffrey Backman to Burke Kappler (July 9, 2019). |

## **PETITION ALLEGATIONS**

In support of its Petition, the Commission alleges as follows:

1. The Commission is an administrative agency of the United States government, organized and existing pursuant to the FTC Act, 15 U.S.C. § 41 *et seq*. The Commission is authorized by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prevent unfair or deceptive acts or practices in or affecting commerce. The Commission is also authorized by the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, and the rules promulgated under the authority of that Act, the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, to prevent deceptive or abusive telemarketing acts or practices.

2. Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to prosecute any inquiry in any part of the United States. Section 6 of the Act, 15 U.S.C. § 46, empowers the Commission to gather and compile information concerning, and to investigate, from time to time, the organization, business, conduct, practices and management of any person, partnership or corporation engaged in or whose business affects commerce, with certain exceptions not relevant here. Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to require by CID the production of documents or other information relating to any Commission law enforcement investigation.

3. This Court has jurisdiction to enforce the Commission's duly issued CIDs, including the CIDs issued to Respondents, under Section 20(e) of the FTC Act, 15 U.S.C. § 57b-1(e), which provides in pertinent part:

> Whenever any person fails to comply with any civil investigative demand duly served upon him under this section, or whenever . . . such person refuses to surrender such material, the Commission, through such officers or attorneys as it may designate, may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section.

4. All of the Respondents reside, are found, and transact business in Fort Lauderdale in Broward County and Boca Raton in Palm Beach County in this judicial district. PX 1, ¶ 5.

5. The Respondents comprise a related set of companies and individuals believed to be involved in illegal telemarketing of cruise ship vacations, including making, arranging for, or facilitating robocalls. *Id.* They include:

a. **The Cruise Ship Owners and Operators**. All of the telemarketing practices under investigation involve offers for vacations aboard a single cruise ship, the MV Grand Celebration.

i. **Cruise Operator, Inc.** is a Florida corporation located and doing business in Fort Lauderdale, Florida. Cruise Operator, Inc. owned the MV Grand Celebration between about January 2015 and December 2016.

ii. **Daniel Lambert** is an individual residing in Fort Lauderdale, Florida. **James Verrillo** is an individual residing in Boca Raton, Florida. Lambert and Verillo serve or served as an officer or director for Cruise Operator, Inc. Lambert and Verrillo also serve or served as officers or managers for other Respondents, including BPCL Management, LLC, and Nationwide Reservations, Inc.

b. **The Cruise Vacation Package Fulfillment Companies.** These entities are alleged to have sold and fulfilled cruise vacation packages on the MV Grand Celebration that were marketed by numerous companies— including Royal Seas Cruises, Inc.—using illegal telemarketing, including robocalls. In addition, FTC staff has learned that some of these entities may have been directly involved in placing robocalls or arranging for them to be placed through third-party call centers.

i. **BPCL Management, LLC** is a Florida corporation located in and doing business in Fort Lauderdale, Florida.

  ii.  **Nationwide Reservations, Inc.** is a Florida corporation located and doing business in Fort Lauderdale, Florida.

  iii.  **Reservations & Fulfillment Services, Inc.** is a Florida corporation located in Fort Lauderdale, Florida.

  iv.  **Jeff Tellam** is an individual residing in and doing business in Fort Lauderdale, Florida. **Tellam** serves as a Director for Reservations & Fulfillment Services, Inc., and also executed contracts on behalf of that company with other companies involved in telemarketing to sell tickets for cruises aboard the MV Grand Celebration.

 c. **The Telemarketers**. These entities are alleged to have placed robocalls to consumers or to have arranged for them to be placed through third-party call centers.

  i.  **Royal Seas Cruises, Inc.** is a Florida corporation located in and doing business in Fort Lauderdale, Florida. Royal Seas Cruises, Inc. is the subject of multiple consumer complaints for unwanted telemarketing calls in connection with cruise vacation packages.

  ii.  **Paul Heyden** is an individual residing in and doing business in Fort Lauderdale, Florida. **Heyden** serves as the President of Royal Seas Cruises, Inc.

    iii.  **Melissa Hanson** is an individual residing in and doing business in Fort Lauderdale, Florida. **Hanson** serves as the Vice President of Royal Seas Cruises, Inc.

PX 1, ¶ 5.

  6. The Commission is investigating these individuals and entities for their involvement in a telemarketing scheme that employed robocalls, or automated calls, to market "free" cruise vacation packages. As part of this investigation, on November 21, 2018, the Commission issued the ten CIDs at issue in this matter to the Respondents. The CIDs were issued pursuant to Commission Resolution No. 123145, which authorizes the use of compulsory process under Section 20 of the FTC Act, 15 U.S.C. §57b-1:

> [t]o determine whether unnamed telemarketers, sellers, or others assisting them have engaged or are engaging in . . . deceptive or abusive telemarketing acts or practices in violation of the Commission's Telemarketing Sales Rule, 16 C.F.R. pt 310 (as amended), including but not limited to the provision of substantial assistance or support . . . to telemarketers engaged in unlawful practices.

*See*, *e.g.*, PX 2 at 18; PX 3 at 18. The CIDs were signed by Commissioner Noah Phillips, under authority delegated by the Commission in Section 2.7(a) of its Rules of Practice, 16 C.F.R § 2.7(a), and served by the Commission's Secretary pursuant to the Commission's Rules. PX 1, ¶¶ 9, 11; *see also*, *e.g.*, PX 2 at 3; PX 3 at 3.

  7. The Respondents are all represented by the same counsel. After receiving the CIDs, that counsel and FTC staff met, conferred, and communicated regarding potential modifications to the CIDs. PX 1, ¶ 12.

8.      On December 14, 2018, counsel for the Respondents sent FTC staff a lengthy email laying out a proposed series of modifications and limits to the CIDs he claimed resulted from a telephone conference occurring the day before. PX 1, ¶ 14; PX 12 at 5-7.

9.      On December 27, 2018, FTC staff attorney Jody Goodman responded, rejecting and refusing to accept of Respondents' counsels proffered modifications. PX 1, ¶ 16; PX 12 at 1-4. In particular, she rejected counsel's proposal to exclude the Respondents from their searches for responsive documents; instead, the Respondents were required to search for and produce communications between and among themselves on the topics listed in the CID. PX 1, ¶ 16; PX 12 at 2 (Item 8.b.). Ms. Goodman informed Respondents' counsel that, due to the government shutdown, FTC staff would be unable to respond but that the Respondents should proceed with production in the interim. PX 1, ¶ 16; PX 12 at 1.

10.     Due to a lack of funding, the Federal Trade Commission shut down normal operations effective at midnight December 28, 2018 and remained shut down until January 25, 2019. None of the Respondents made any productions to the FTC during this period. PX 1, ¶ 16.

11.     After the FTC returned to normal operations, FTC staff and counsel for Respondents resumed discussions regarding modifications to the CIDs. PX 1, ¶¶ 17-21. Following those discussions, on February 28, 2019, Lois Greisman, Associate Director for the FTC's Division of Marketing Practices, issued a letter formally modifying the terms of the CIDs under FTC Rule of Practice 2.7(l), 16 C.F.R. §

2.7(l). PX 1, ¶ 22; PX 13. (Under these Rules, Associate Directors for the Bureau of Consumer Protection have delegated authority from the Commission to modify the terms of compliance with CIDs; this authority, however, does not extend to Bureau staff attorneys, a limit conveyed to counsel by Ms. Goodman. *See* 16 C.F.R. § 2.7(l); PX 12 at 8.) Most pertinent here, this letter redefined the term "Subject Persons" in the CIDs and narrowed it to include the ten CID recipients, thus requiring each of the Respondents to produce responsive communications with the other Respondents. PX 1, ¶ 22; PX 13 at 1 (defining "Subject Persons"). In so doing, the February 28 modification letter took the same position as Ms. Goodman in her email dated December 27, 2018.

12. Although Respondents began producing responses to the CIDs, it soon became apparent to FTC staff that the documents produced did not comply with the terms of the CIDs as modified by the February 28, 2019 letter. PX 1, ¶ 24. By email dated April 10, Ms. Goodman wrote:

> Your responses and production to RFPs 1 and 2 are insufficient, and perhaps illustrative of our disagreement concerning the scope of the CID. We are seeking relevant <u>communications and documents between and among the CID recipients</u>, on the topics articulated in the CID.

PX 14 at 3 (emphasis in original). Ms. Goodman concluded by directing the Respondents to supplement their responses by April 17, 2019. *Id.* at 4.

13. Counsel for the Respondents did not substantially respond until April 23, 2019. In that response, counsel ignored the February 28, 2019, modification letter, instead claiming the Respondents were only obligated to comply consistent with his December 2018 email:

- 10 of 14 -

> As the responses state and as we have discussed several times, our agreement to produce documents was based upon my December 12 e-mail. After the end of the shut-down, when you, me and Chris got on a follow up call, we went through that e-mail again and the substantial majority of the substance of it was in dispute. In fact, much of what you outline below as your areas of concern change the agreement we had; in other words, you are asking for new information and production outside the scope of our prior agreement.

PX 14 at 1-2.

14.     As a result of counsel's failure to respond, FTC staff referred this matter to the FTC's Office of General Counsel (OGC). By letter dated May 16, 2019, the Office of General Counsel directed the Respondents to address and cure four specific deficiencies on or before May 30, 2019:

   a.     <u>Request for Production 1 (communications relating to various aspects of telemarketing, complaints, and law enforcement inquiries about unwanted telemarketing sales calls)</u>: Respondents should produce any responsive communications with or among the other Respondents;

   b.     <u>Request for Production 2 (other communications relating to telemarketing, the marketing of cruises or travel vacations, and government investigations concerning specified individuals or entities)</u>: Respondents should produce any responsive communications with or among the other Respondents;

   c.     <u>Requests for Production 5 / 9 (communications relating to automated dialing and other telemarketing technologies)</u>[3]: Respondents

---

[3]     This specification appears in identical form as Request for Production 5 in all

should produce responsive documents if identified by running searches of certain specified terms. These search terms were identical to a list provided by FTC staff on December 27, 2018;

    d.    <u>Request for Production 6(c) / 9(c) / 15(c) (documents relating to complaints about Respondents' business practices, including cease and desist letters, threats of lawsuits, or actual lawsuits)</u>[4]: Respondents should produce all documents relating to actual lawsuits "including but not limited to complaints, pleadings, litigation filings, or other litigation-related records." PX 15.

15.    Counsel for the Respondents did not provide a substantive response until after close of business on May 29, 2019, the eve of the deadline in the May 16, 2019, letter. In that response, counsel continued to deny the effect of the February 28, 2019 modification letter and instead asserted that the productions to date represented "full compliance with the modification agreement as reflected in the December 14, 2018 email." PX 16 at 7.

16.    When reminded of the possibility of judicial action to enforce the CID, Respondents' counsel later asserted that his clients were conducting additional

---

of the CIDs, except the CID to Royal Seas Cruises, Inc. In that CID, the specification appears as Request for Production 9. *See, e.g.*, PX 2 at 9; PX 11 at 9.

[4]    This request appears in identical form as Request 6(c) in the CIDs to BPCL Management, LLC, Nationwide Reservations, Inc., Reservations & Fulfillment Services, Inc., and Jeff Tellam; as Request 9(c) in the CIDs to Cruise Operator, Inc., Melissa Hanson, Paul Heyden, Daniel Lambert, and James Verillo; and as Request 15(c) in the CID to Royal Seas Cruises, Inc. *See, e.g.*, PX 5 at 9 (Request 6(c)); PX 4 at 9 (Request 9(c)); PX 11 at 10 (Request 15(c)).

email searches, but he provided no assurances about the scope of any additional searches. Nor would he say when additional searches would be completed or when production might occur. PX 17. Counsel has made similar assurances in other correspondence without making productions. PX 16 at 5.

17. None of the Respondents has filed an administrative petition to limit or quash the CID it received. PX 1, ¶ 33. As such, the Respondents have failed to exhaust their administrative remedies.

18. The Respondents' failure to provide the information specified and directed has burdened, delayed, and impeded the Commission's investigation. *Id.*

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission invokes the aid of this Court and prays for:

a. Immediate issuance of an order, substantially in the form attached, directing Respondents to comply with the CIDs as directed by the May 16, 2019 letter from the FTC's Office of General Counsel, or to show cause why they should not; and,

b. In the event Respondents do not comply with the CIDs, a prompt determination of this matter and entry of an order:

- (i) Compelling Respondents to produce the document and information specified in the letter dated May 16, 2019, from the FTC's Office of General Counsel within 10 days of such order;
- (ii) Compelling Respondents to appear and provide testimony as directed by the CIDs at dates and times directed by FTC staff; and

(ii) Granting such other and further relief as this Court deems just and proper.

                Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

JAMES REILLY DOLAN
Principal Deputy General Counsel

MICHELE ARINGTON
Assistant General Counsel for Trial Court Litigation

*s/ Burke W. Kappler*
BURKE W. KAPPLER
Attorney
Special Bar No. A5502547

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., N.W.
Washington, DC 20580
Tel.: (202) 326-2043
Fax: (202) 326-2477

Dated: July 25, 2019.        Email: bkappler@ftc.gov